UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ESTATE OF GREGORY B. MARTIN,
by and through JANET L. JOZWIAK, as
Executor, *et al.*                                                                  PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:17-CV-00447-CRS

METLIFE INSURANCE COMPANY USA                                                        DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the court on the motion of plaintiff, the Estate of Gregory B. Martin ("plaintiff"), to remand the case to Jefferson Circuit Court. ECF No. 4. Defendant Metlife Insurance Company USA ("Met USA") responded. ECF No. 5. Plaintiff subsequently replied. ECF No. 7. For the reasons stated below, plaintiff's motion will be granted.

I.   Case Background

This case arises from a motor vehicle collision that occurred on November 13, 2015 in Louisville, Kentucky, resulting in the death of Gregory B. Martin. ECF No. 1-1. Martin, a citizen of New York, was in Kentucky visiting his ailing father. *Id.* at 2-3. While sitting in standstill traffic on the Gene Snyder Freeway, another driver, Megan Keane, allegedly crashed her vehicle into Martin's at a speed of approximately 72 miles per hour. *Id.* at 35-36. The force of the crash caused Martin's vehicle to collide with the vehicle stopped in front of his. *Id.* at 36. Emergency personnel responded to the scene, and Martin was transported to University of Louisville Hospital, where he was pronounced dead later that evening. *Id.* Keane, a citizen of Kentucky, was allegedly insured by Met USA. *Id.*

1

On November 10, 2016, plaintiff filed suit against Keane and Met USA in Jefferson Circuit Court. ECF No. 1-1. Plaintiff asserted claims for negligence and loss of consortium against Keane, and claims for statutory and common law bad faith against Met USA.[1] *Id.* Met USA accepted service of process at its New York address on November 22, 2016. ECF No. 1-1, p. 9.

On July 26, 2017—over eight months after the suit was filed—Met USA removed the case to this court, claiming diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). ECF No. 1. Met USA asserted that it was not the proper defendant in this case because Keane's insurance company was actually Metropolitan Property and Casualty Insurance Company ("Met P&C"). *Id.* at ¶ 5. Met USA further asserted that it was a citizen of North Carolina, not New York, and that Met P&C was a citizen of Rhode Island. *Id.* at ¶¶ 4-5. It also asserted that the amount-in-controversy exceeded $75,000. *Id.* at ¶ 7.

Plaintiff now seeks to remand the case to Jefferson Circuit Court.

## II. Legal Standard

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). A federal district court has original diversity jurisdiction over an action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

To properly remove a case from state court to federal court, "[t]he notice of removal . . . shall be filed within 30 days after receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b). If a case is not initially removable, but becomes removable after the 30-day time period,

---

[1] Keane was dismissed as a defendant in this case on June 28, 2017.

2

"a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(c)(3).

As a court of limited jurisdiction, a district court is required to remand any case where federal subject matter is lacking. 28 U.S.C. § 1447(c). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

### III. Discussion

Plaintiff argues that this case should be remanded to Jefferson Circuit Court because (1) Met USA failed to comply with the requirements for notice of removal under 28 U.S.C. § 1446, and (2) there is a lack of complete diversity amongst the parties. Met USA argues, by contrast, that it properly filed notice of removal once there was complete diversity of parties in accordance with 28 U.S.C. § 1446(c)(3). These arguments will be addressed in further detail below.

A. Diversity Jurisdiction

Because a district court is required to remand any case where subject matter jurisdiction is lacking, it first must be determined whether diversity jurisdiction exists in this case. 28 U.S.C. § 1447(c). There are two requirements to satisfy diversity jurisdiction under 28 U.S.C. § 1332: (1) the controversy must be between citizens of different states; and (2) "the matter in controversy [must] exceed the sum or value of $75,000 . . ."

Diversity jurisdiction requires complete diversity amongst the parties in an action. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). For purposes of this analysis, persons are citizens of the state in which they are domiciled, and corporations are citizens of both their state of

incorporation and the state in which their principle place of business is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

It is undisputed that plaintiff, as the representative of the deceased Gregory Martin, is a citizen of New York. The parties disagree, however, as to the citizenship of Met USA. Plaintiff claims that Met USA is a citizen of New York because "at the time . . . the complaint [was filed], Met [USA] had a principal place of business in New York . . ." Met USA, by contrast, claims that prior to removal, it became a citizen of North Carolina.[2]

For purposes of this litigation, Met USA is a citizen of New York. In order to remove a case to federal court based on diversity jurisdiction, "diversity of citizenship must exist as to a party both at the time the state action is commenced and at the time the defendant files the petition for removal." *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 908 (6th Cir. 1993). This rule is meant "to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state court suit and then removing on the basis of the newly created diversity of citizenship." 14B Charles A. Wright, et al., *Federal Practice and Procedure* § 3723 (4th ed.); *See also Hager v. Gibson*, 108 F.3d 35, 41 (4th Cir. 1997) (". . . it has long been settled that a basis for diversity jurisdiction not present at the time of the commencement of the action may be supplied by later voluntary acts of the plaintiff, though not the defendant."). Although Met USA became a citizen of North Carolina when the corporation was acquired by Brighthouse Financial on March 6, 2017, at the time this suit commenced Met USA was a citizen of New York. ECF No. 5-1, p. 2. Because both plaintiff and Met USA are citizens of New York, there is not complete diversity amongst the parties. It is therefore unnecessary to consider whether the

---

[2] To the extent that Met USA argues that diversity jurisdiction should be assessed based on the citizenship of Met P&C, this argument is disregarded. Met P&C is not a named party in this case, and Met USA has continued to defend the present action since it commenced on November 10, 2016.

4

amount-in-controversy requirement is satisfied. Diversity jurisdiction does not exist in the present case.

B. <u>Notice of Removal</u>

Because it has been determined that Met USA has not satisfied the requirements for diversity jurisdiction, the question of whether notice of removal was timely filed under 28 U.S.C. § 1446 is irrelevant.

IV. <u>Conclusion</u>

For the foregoing reasons, plaintiff's motion to remand this case to Jefferson Circuit Court will be granted. An order will be entered in accordance with this memorandum.

January 25, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record